IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN GALLOW,

    Petitioner,               No. CIV S-07-2478 LEW JFM P

    vs.

THE BRANCH MEDICAL STAFF,

    Respondent.            ORDER

_____/

        Petitioner, a former county jail inmate proceeding pro se, has filed a civil action on a form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

        Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

        Petitioner claims that medical staff at Rio Cosumnes Correctional Center gave insulin shots in unsanitary conditions and moved all diabetics to security housing as a retaliatory/punitive move. Petitioner also apparently claims that he was given a cellmate with contagious tuberculosis. Petitioner does not specify the nature of the relief he seeks in this action.

1

1    Federal habeas corpus relief is available only for challenges to the fact or duration
2 of an inmate's confinement.  See Preiser v. Rodriguez, 411 U.S. 475, 484-86 (1973).  Challenges
3 to the conditions of confinement must be raised, if at all, in a civil rights action pursuant to 42
4 U.S.C. § 1983.  See, e.g., Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir. 1979).  The claims in
5 the instant pleading go to the conditions of petitioner's confinement.  This action will therefore
6 be construed as a civil rights action under 42 U.S.C. § 1983.

7    Good cause appearing, petitioner's original pleading will be dismissed and
8 petitioner will be given an opportunity to file an amended complaint on the form for a prisoner
9 civil rights action under 42 U.S.C. § 1983.  If petitioner does choose to file an amended
10 complaint, he must demonstrate how the conditions complained of have resulted in a deprivation
11 of his constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the
12 amended complaint must name individual defendants and must allege in specific terms how each
13 named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is
14 some affirmative link or connection between a defendant's actions and the claimed deprivation.
15 Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
16 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
17 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
18 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

19    In addition, petitioner is informed that the court cannot refer to a prior pleading in
20 order to make petitioner's amended complaint complete.  Local Rule 15-220 requires that an
21 amended complaint be complete in itself without reference to any prior pleading.  This is
22 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
23 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once petitioner files an amended complaint, the original
24 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
25 original complaint, each claim and the involvement of each defendant must be sufficiently
26 alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis is granted.

2. This action is construed as a civil rights action pursuant to 42 U.S.C. § 1983.

3. Petitioner's original pleading is dismissed.

4. Petitioner is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send petitioner a form civil rights complaint and accompanying instructions.

DATED: January 18, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

12
gall2478.114