1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEVEN GALLOW,

11          Plaintiff,                    No. CIV S-07-2478 JAM JFM P

12   vs.

13   THE BRANCH MEDICAL STAFF,

14          Defendants.                   ORDER

15   _____/

16          Plaintiff is a former county jail inmate proceeding pro se and in forma pauperis

17   with a civil rights action pursuant to 42 U.S.C. § 1983.  By order filed January 18, 2008,

18   plaintiff's original pleading was dismissed and plaintiff was granted thirty days to file an

19   amended complaint.  On February 11, 2008, plaintiff  filed an amended complaint.[1]

20          The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

23   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

24

25          [1] On the same day, plaintiff filed a new application to proceed in forma pauperis.
     Plaintiff has already been granted leave to proceed in forma pauperis in this action.  See Order
     filed January 18, 2008.  Plaintiff's February 11, 2008 application to proceed in forma pauperis
26   will be disregarded.

1

1  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

2  U.S.C. § 1915A(b)(1),(2).

3          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

5  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

9  Cir. 1989); Franklin, 745 F.2d at 1227.

10          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

11  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

12  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

13  Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S.

14  41, 47 (1957).  In order to survive dismissal for failure to state a claim a complaint must contain

15  more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

16  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, id.

17  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the

18  defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson

19  v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, slip op. at 7-8, in turn quoting

20  Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the

21  court must accept as true the allegations of the complaint in question, Erickson, id., and construe

22  the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

23  (1974).

24          Plaintiff claims that his constitutional rights were violated by, inter alia, denial of

25  necessary insulin shots and improper housing with an inmate who had tuberculosis, as well as

26  exposure to unsafe and unsanitary housing conditions.  Plaintiff's allegations are sufficient to

2

state cognizable claims for relief in this § 1983 action.  However, plaintiff has only named "The Branch Medical Staff" as a defendant in this action.  In order to proceed with this action, plaintiff must identify as a defendant one or more individuals whose acts or omissions caused or contributed to the alleged constitutional violations.[2]  For this reason, plaintiff's complaint will be dismissed and plaintiff will be given an opportunity to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the amended complaint must name specific defendants in both the caption and in section III of the form complaint to be provided with this order.  Plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

---

[2] Plaintiff does identify one physician, Dr. Shmidt, by name but does not specifically identify this individual as a defendant in this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

          a.  The completed Notice of Amendment; and

          b.  An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff a form complaint for a prisoner civil rights action pursuant to 42 U.S.C. § 1983.

DATED: May 29, 2008.

UNITED STATES MAGISTRATE JUDGE

12
gall2478.14amd

1

2

3

4

5

6

7                          IN THE UNITED STATES DISTRICT COURT

8                        FOR THE EASTERN DISTRICT OF CALIFORNIA

9    STEVEN GALLOW,

10            Plaintiff,                          No. CIV S-07-2478 JAM JFM P

11        vs.

12   THE BRANCH MEDICAL STAFF,                    <u>NOTICE OF AMENDMENT</u>

13            Defendants.

14   _____/

15            Plaintiff hereby submits the following document in compliance with the court's

16   order filed _____:

17            _____      Amended Complaint

18   DATED:

19

20                                               _____

21                                               Plaintiff

22

23

24

25

26