IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN GALLOW,

    Plaintiff,                    No. CIV S-07-2478 JAM JFM P

    vs.

THE BRANCH MEDICAL STAFF,

    Defendants.             ORDER

_____/

        Plaintiff is a county jail inmate proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed July 30, 2008, plaintiff's first amended complaint was dismissed with leave to file a second amended complaint. Plaintiff has now filed a second amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

(9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff claims that his constitutional rights were violated by, inter alia, improper administration of necessary insulin shots and improper housing with an inmate who had tuberculosis. Plaintiff's allegations may be sufficient to state cognizable claims for relief in this § 1983 action. Plaintiff has now named two individual defendants, Dr. Shmidt and Nurse Lopez, in the caption of his complaint.[1] However, as with the two previous complaints plaintiff has failed to describe any act or omission by either of the two named defendants that contributed to the alleged constitutional violations. For this reason, plaintiff's second amended complaint will be dismissed and plaintiff will be given one final opportunity to amend his complaint.

---

[1] Plaintiff has also named as defendants "Branch medical nurses on duty at time of complaint." It is not enough that any named defendant was "on duty" at the time of the events plaintiff is complaining about. Each named defendant must have done some act, or failed to do some act, that caused constitutional harm to plaintiff, and that act, or failure to act, must be alleged in the complaint.

2

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the third amended complaint must name specific defendants in both the caption and in section III of the form complaint to be provided with this order. In section IV of the form complaint, plaintiff must allege identify what each named defendant did or failed to do that resulted in a violation of plaintiff's constitutional rights. Those acts or omissions must be described in sentences that specifically refer to the defendant whose act or failure to act is being alleged. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete. Local Rule 15-220 requires that a third amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, any amended complaint supersedes prior complaints. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a third amended complaint, prior pleadings no longer serve any function in the case. Therefore, in a third amended complaint, as in prior complaints, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

1       b. An original and one copy of the Third Amended Complaint.
2 Plaintiff's third amended complaint shall comply with the requirements of the Civil Rights Act,
3 the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended
4 complaint must bear the docket number assigned this case and must be labeled "Third Amended
5 Complaint"; failure to file a third amended complaint in accordance with this order will result in
6 a recommendation that this action be dismissed.
7      4. The Clerk of the Court is directed to send plaintiff a form complaint for a
8 prisoner civil rights action pursuant to 42 U.S.C. § 1983.
9 DATED: September 8, 2008.

                /s/ John F. Moulds
                UNITED STATES MAGISTRATE JUDGE

12
gall2478.14thr

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN GALLOW,

    Plaintiff,                                  No. CIV S-07-2478 JAM JFM P

    vs.

THE BRANCH MEDICAL STAFF,        <u>NOTICE OF AMENDMENT</u>

    Defendants.

_____/

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____        Third Amended Complaint

DATED:

                                                                       Plaintiff